LOTTINGER, Judge.
This is a suit in tort resulting from the accidental death of the four year old child of petitioners when he was struck by an automobile driven by the defendant’s assured. The Lower Court awarded judgment in favor of defendant dismissing the action, and petitioner has taken a devolu-tive appeal.
The record shows, without dispute, that, at the time of the accident, the defendant had a liability policy covering the automobile of its assured with limits of $25,000 for any one person, and $50,000 for any one accident. The accident occurred at approximately 7:30 o’clock P.M. on June 20, 1959 on U.S. Highway No. 190, which is the main street of the Town of Poncha-toula. The accident occurred at, or near, the intersection of U.S. 190, sometimes called Pine Street, with Bernice Street. The said intersection is a “T” one, and Bernice Street runs north from U.S. 190. The said highway is hard surfaced for a width of eighteen feet, and there are shoulders of approximately ten feet on either side. At the time of the accident the weather was clear.
The record discloses that shortly prior to the accident, Mrs. Helen Eaker was driving her 1955 model Ford in a westerly direction along U.S. 190. Her only passenger was her ten year old daughter who was seated on the front seat to the driver’s *677 right. Mrs. Eaker was traveling at a speed of 15 to 20 miles per hour, the speed limit in the area was 35 miles per hour. Upon approaching the intersection of Bernice Street, Mrs. Eaker noticed an automobile traveling towards her turn left into the parking area to the front of the D & R Malt Shop. Very shortly thereafter, Mrs. Eaker testified, she noticed a small child running across the street directly in front of her at a distance which she estimated to be approximately ten feet. When she first noticed this child, Mrs. Eaker placed him in the eastbound traffic lane running straight across into her path of travel. Mrs. Eaker immediately applied her brakes, however, she struck the child who died shortly thereafter from injuries sustained in the accident.
According to the testimony and exhibits placed in the record, the vicinity of the accident is a semi-commercial one. There are three dead end streets intersecting U.S. 190 within one block of the scene. Traveling westerly, as Mrs. Eaker was doing, she first passed the intersection of Chevrolet Street which ran southerly, or to her left. Some distance further, approximately 120 feet, Bernice Street ran northerly, or to her right. Just a few feet past Bernice Street, was the intersection of Saxon Street which ran southerly, or to the left of Mrs. Eaker’s path of travel. Along the south side of U.S. 190, or to the left of Mrs. Eaker’s course, after passing Chevrolet Street, she would pass in front of Smith’s Grocery and Market, next the Clark residence, then another small residence, then Saxon Street, and then Toney’s Grocery and Market. Proceeding westerly along U.S. Highway 190, after passing Bernice Street, was the D & R Drive Inn, or malt shop. The malt shop was directly across U.S. 190 from the intersection with Saxon Street. Directly in front of the Clark residence was an oak tree, the trunk of which was approximately 12 inches in diameter. This oak tree was located directly across U.S. 190 from the eastern edge of Bernice Street.
There were several witnesses who testified on behalf of both parties to the suit. Mildred Settoon, the seven year old sister of the deceased boy, testified that they were standing by a bridge in front of the Clark residence, her Grandmother’s home, when the boy ran across the street to go to the malt shop. This bridge, the evidence reflects, was almost directly opposite the eastern side of Bernice Street. The evidence reflects that young Mildred, the deceased boy, and a younger child had been standing, or playing in front of her Grandmother’s home for some few minutes prior to the unforunate accident. Rebecca McKay, a witness on the part of petitioner, testified that she was sitting in a car parked in front of Toney’s Store at the time of the accident. She stated that it was “dusk dark” and suddenly she saw this child running in the middle of the road. She did not see the child until it appeared in the reflection of the headlights of the oncoming vehicle, at which time the child was running straight across the road and directly in the path of the oncoming vehicle.
A. J. Compton, Jr. testified that he was sitting on his motor scooter in the front of Smith’s Grocery. He was about at the boundary line between the property occupied by Smith’s Grocery and the property occupied by the Clark residence, when he noticed the children near the bridge in front of the Clark residence. Suddenly he heard the little girl scream and he looked up and saw the young boy on the concrete slab running across the street. He testified that the young child was already across one side of the road and just getting on the other side of the road when he was hit. Mr. Compton was the only witness who saw the children playing prior to the time that young Billy commenced his fateful dash across the highway.
Testifying on behalf of the defense, Mrs. Addie Simeon testified that she and her family were on their way to Biloxi, Mississippi, traveling eastward on U.S. Highway 190. Upon reaching the malt shop, they turned left into the parking lot, *678 in front of oncoming traffic approaching in the opposite direction. This oncoming traffic was apparently the automobile driven by Mrs. Eaker. Mrs. Simeon testified that she was sitting on the right front seat of the vehicle driven by her husband, and upon stopping at the malt shop, she turned to open her door to get out of the car when she heard the squeal of brakes. Looking up she saw “the left part of her (Mrs. Eaker’s) bumper hit this child, before her wheel ran over the child”. Mrs. Simeon stated that she did not notice the children playing prior to the time of the accident. Mr. Simeon, also testifying on behalf of the defense, testified that they had just pulled into the malt shop when he heard rubber on the concrete, and the first time he saw the child was when the right wheel of the Eaker vehicle ran over him. Mr. Simeon stated that he saw the lights of the Eaker car before it hit the boy but could not see the car because it was too dark. He stated that it was pretty dark on the road.
The evidence, as a whole, reflects that, after the accident, the young boy lay in a northerly and southerly direction across the highway with the top of his head at a distance of some eight to ten inches from the northernmost edge of the pavement. He was lying in such a position at about the intersection of Bernice Street with that of U.S. 190, the exact location being vague, evidently because of the excitement of the witnesses at the time of the accident. Mrs. Eaker brought her car to a stop off the highway in front of the malt shop at a distance of some fourteen feet from where the boy was resting.
The Lower Court held that the evidence failed to show that Mrs. Eaker could have seen the child before he came in the range of her car lights; that she did see him at that precise instant, but it was too late to avoid the accident. Accordingly the Lower Court held that there was no negligence shown on the part of Mrs. Eaker, and rendered judgment in favor of the defendant.
The petitioner appealed, claiming first that there was negligence on the part of Mrs. Eaker in failing to see the child in such time as to avoid the accident, that Mrs. Eaker had the last clear chance of avoiding this accident which she failed to exercise, and therefore seeks a reversal of the judgment below. Defendant, on the other hand, claims that the judgment of the Lower Court was correct, however,should we now hold that Mrs. Eaker was negligent, or that she failed to exercise her last clear chance of avoiding this accident, then the defense claims that the parents of this minor child, who are seeking recovery for its death, be held guilty of contributory negligence.
We believe that the record discloses no negligence on the part of Mrs. Eaker. The evidence reflects that the only witness to this accident who saw the children prior to the time of the fatal impact was witness A. J. Compton, Jr. who was sitting on his motor scooter just a few feet from where these children were playing. Although there were several other witnesses who were at the scene of the accident prior thereto, none of them noticed any of the children until the young boy ran out into the beam of the headlights of the approaching vehicle. All of the witnesses testified that it was dusk dark at the time of the accident. Mr. Herman Simeon, on the other hand, stated that it was darker than dusk dark. These facts, coupled with the fact that the children were playing under, and in the shadows of, the oak tree situated in front of the Clark residence, indicates that it was difficult to have seen the children playing in this perilous location. The facts indicate that the children were playing between witness Compton and the reflection cast by the lights of D & R Drive Inn, which fact would make them more noticeable to him because of their silhouette. However, the evidence indicates that the strength of these lights were not sufficient to illuminate the area where the children were playing so that Mrs. Eaker could have seen them sooner than *679 she did. Taken as a whole, the evidence indicates to us that this young four year old boy darted out from this shadowed area into the highway immediately in front of the approaching vehicle causing this unfortunate accident. Mrs. Eaker was faced with a sudden and unfortunate emergency, and, although she immediately applied her brakes, was unable to avoid the accident. We find no negligence on her part.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioners.
Judgment affirmed.